**O**

# United States District Court
# Central District of California

| | |
|---|---|
| JAMES KING, | Case № 2:16-cv-03076-ODW- RAO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR REMAND [13]** |
| v. | |
| SOEXO, INC.; SODEXO OPERATIONS LLC; and DOES 1-100, inclusive, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff James King originally filed this action in state court against Defendants Sodexo, Inc. and Sodexo Operations LLC (collectively, "Sodexo"). (Complaint "Compl.", ECF No. 1-3.) Sodexo timely removed the case to this Court based on diversity jurisdiction. (Notice of Removal ("NOR") 2–7, ECF No. 1.) One month later, Plaintiff moved for leave to file a First Amended Complaint to add two diversity-destroying defendants, co-workers Ryan Moosman and Kevin Akrey. (Mot. 1, ECF No. 13.) Plaintiff also seeks to remand the action back to state court. (*Id.*) The Court finds that there is bad faith, dilatory motive, and undue delay on the part of Plaintiff in seeking leave to amend. The Court also finds that there is subject-matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332. Therefore, Plaintiff's

Motion for Leave to Amend and Remand is **DENIED**. [1]

## II.   FACTUAL BACKGROUND

Plaintiff James King filed the Complaint on February 16, 2016 in the Los Angeles County Superior Court.  (Compl., ECF No. 1-3.)  This action stems from Sodexo's alleged unlawful termination of Plaintiff as a senior area resource manager in Agoura Hills, California.  (Compl. ¶ 6.)  In the operative Complaint, Plaintiff raises state law claims against Sodexo for retaliation, discrimination on the basis of his race and disability, hostile work environment, wrongful termination, harassment, and defamation.  (Compl. ¶¶ 17–87.)  King contends that he was unlawfully terminated from Sodexo while on medical leave due to an unsubstantiated complaint made against him.  (Compl. ¶ 12.)  Sodexo, a Delaware corporation with a principal place of business in Maryland, answered the Complaint in state court on May 4, 2016, and later removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 1.)

Plaintiff filed the instant Motion on June 09, 2016.  (ECF No. 13.)  Plaintiff seeks leave to add new diversity-destroying defendants, co-workers Moosman and Akery ("Individual Defendants"), to his claims for harassment and defamation.  (Mot. 9.)  As such, Plaintiff also seeks to remand the action based on lack of diversity.  (*Id.*)  Sodexo filed its Opposition to the Motion on June 20, 2016.  (ECF No. 16.)  Plaintiff filed its Reply on June 27, 2016.  (ECF No. 17.)

## III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the

---

[1]   After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

Generally, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(2). However, if a plaintiff joins additional defendants after removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder." 28 U.S.C. § 1447(e). Thus, despite a plaintiff's right to amend under Rule 15(a), numerous courts have held it appropriate for the court "to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a)." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014).

## IV.   DISCUSSION

Sodexo argues that Plaintiff seeks to add the Individual Defendants to the complaint after removal for the sole purpose of destroying complete diversity, and that the Court should deny his Motion to file a First Amended Complaint under 28 U.S.C. § 1447(e). (Opp'n to Pla.'s Mot. 1, ECF No. 16.) The Court agrees. Plaintiff's Motion is not based on the discovery of new facts; the identity of the Individual

Defendants and the facts surrounding their potential liability were previously alleged in the original Complaint.  (Compl. ¶¶ 7–16.)  In addition, because Sodexo has demonstrated that all of the parties in the operative Complaint are diverse and the amount in controversy exceeds $75,000, Plaintiff's Motion to Remand must also be denied.

I.      *Motion for Leave to Amend*

In determining whether to allow a diversity-destroying amendment under Rule 15(a), courts have considered the following factors: "(1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."  *McGrath*, 298 F.R.D. at 607 (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (internal quotation marks omitted).  Here, the factors weigh in favor of denying joinder.

A.      Rule 19(a)

Rule 19(a) requires the joinder of parties whose absence would preclude the  grant  of complete relief, or whose absence would impede their ability to protect their interests or  would  subject  any  of  the  parties  to  the  danger  of  inconsistent obligations. However, the  standard  for  granting  an  amendment  under  § 1447(e), is  a  "less restrictive standard" than for joinder under Rule 19.  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1018 (C.D. Cal. 2002) (citing *IBC Aviation Services*, 125 F. Supp. 2d at 1011–12).  The standard is not met when a defendant's absence "would not prevent complete relief."  *Id.* (citing *IBC Aviation Services*, 125 F. Supp. 2d at 1012).

As this Court has previously concluded, individual employees of an employer

defendant are not necessary under Rule 19(a) because "liability for [the Individual Defendants'] actions as an employee are imputed to his employer under the doctrine of *respondeat superior*."  *Calderon v. Lowe's Home Centers*, LLC, No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015).  Moreover, this Court similarly concluded that "the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity."  *Id.* (citing *Linnin v. Michielsens*, 372, F. Supp. 2d 811, 823–24 (E.D. Va. 2005).

Plaintiff named Sodexo, his former employer, in all causes of action and can obtain complete relief therefrom.  (*See* Compl. ¶¶ 17–87; First Am. Compl. ¶¶ 24–95.) Plaintiff has made no showing that denying the addition of the new defendants in this case—both of whom are current Sodexo employees—would prevent him from receiving just adjudication of his claim in federal court.  In fact, Plaintiff's allegations against the Individual Defendants simply duplicate the allegations Plaintiff asserts against Sodexo.  (*Id.*)  Indeed, Rule 19 refers only to relief as between the persons already parties and not relief between a party and the absent party whose joinder is sought.  *See* Fed. R. Civ. P. 19(a)(1).

B.     Statute of Limitations

There does not appear to be a statute of limitations issue.

C.     Dilatory Motive/Delay

Courts routinely exercise their discretion to deny joinder when it appears that the plaintiff's sole motivation for joining a defendant is to defeat diversity jurisdiction and avoid resolution of the case in federal court.  *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980) (concluding that a trial court "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and require a remand to the state court").  In evaluating dilatory motive and undue delay, courts ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385,

1388 (9th Cir. 1990);  *see also Chodus v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (stating that the District Court did not abuse its discretion in denying a Motion to Amend on undue delay where the facts were available to the plaintiff before previous amendments to the complaint).

Plaintiff's amendment appears calculated to deprive the Court of subject matter jurisdiction by adding non-diverse defendants to the action, as evidenced by Plaintiff's longstanding knowledge of the facts giving rise to the proposed amendments.  (*See* Compl. ¶¶ 17–87; First Am. Compl. ¶¶ 24–95.)  Plaintiff was aware of the potential claims he had against Moosman and Akrey before this case was removed to federal court and before the action was even filed, as he named both individuals in the operative complaint and the circumstances giving rise to their alleged liability. (Compl. ¶¶ 7–16.)

Most importantly, Plaintiff's Motion provides no reasonable justification for why he unreasonably delayed in naming Moosman and Akrey when he knew of their existence and involvement since the inception of the litigation.  See *Maldonado v. City of Oakland*, C 01 1970 MEJ, 2002 WL 826801,  at *6 (N.D. Cal. Apr. 29, 2002) (The court denied the plaintiff's Motion for Leave to Amend to add three individual defendants, observing that plaintiff knew of the identities of the proposed defendants at least eight months prior to the inception of the cause of action, the motion to amend was filed over one year after filing of the complaint, and the plaintiff could not "adequately explain the undue delay in finally naming them now.")  Unlike cases where the plaintiff named doe defendants whose identity was unknown, Plaintiff has been aware of the potential claims against Akrey and Moosman since his termination in August, 2015.  (Compl. ¶¶ 7–16.)  The fact that Plaintiff requested to join diversity-destroying defendants to the complaint immediately after removal and without any substantial change in circumstances suggests an ulterior motive for their joinder.  The Court can only conclude that Plaintiff wishes to add the Individual Defendants in this lawsuit for the strategic reason of destroying complete diversity.

D.   Validity of Claims

Courts consider whether the claim to be added seems meritorious.  *Clinco*, 41 F. Supp. 2d at 1083.  The Ninth circuit has stated "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that a company manger acting on behalf of his employer was wrongfully joined in a wrongful termination action in an attempt to defeat diversity jurisdiction).

Plaintiff's proposed causes of action for harassment and defamation against the Individual Defendants are weak at best.  Plaintiff alleges harassment only against Moosman, claiming that he made derogatory statements regarding Plaintiff that led to his termination.  (Mot. 3.)  To support this claim, Plaintiff points to incidents where Moosman excluded Plaintiff from phone calls, did not assign him to be a team leader, spoke to him in a demeaning manner, and verbally reprimanded him for conduct that allegedly violated company policy.  (FAC ¶¶ 11, 14, 20, ECF No 15.)  Plaintiff also claims that Moosman allegedly referred to Plaintiff's "kind," and said "his people are meant to follow not lead."  (FAC ¶ 11.)  Plaintiff construed this comment to refer to his race and was allegedly made on one occasion.

Similarly, Plaintiff alleges defamation only against Akrey, claiming that he corroborated the false statements a janitor made against him during a sexual harassment investigation.  (FAC ¶ 22.)

Plaintiff's allegations against the Individual Defendants are brief and allege no basis for recovery against the individuals separate and apart from the relief sought against Sodexo, the employer of the Individual Defendants.  In particular, the FAC contains no allegations of actions by the Individual Defendants outside the scope of their employment.  Absent any specific facts that the Individual Defendant's conduct was for their own benefit or personal advantage, they cannot be held personally liable for Plaintiff's alleged injuries.  *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D.

601, 608 (S.D. Cal. 2014).  Further, as discussed *supra*, the Individual Defendant's actions are imputed to their employer, Sodexo, under *respondeat superior*.  Because Plaintiff cannot assert claims against Moosman and Akrey as individuals, this factor demonstrates that they are sham defendants.

E.   Prejudice to Plaintiff

Plaintiff will suffer little to no prejudice if Moosman and Akrey are not joined as defendants.  As previously noted, Plaintiff's claims against them are weak, and their presence in this lawsuit is unnecessary for Plaintiff to obtain the relief he has requested.  Although Plaintiff seeks punitive damages against Moosman and Akrey for which Sodexo is not necessarily liable, *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000), Plaintiff does not plead any specific facts showing that either acted with malice.  The foregoing factors clearly favor denying joinder.

II.   *Motion to Remand*

Removal is and was proper based on diversity jurisdiction, pursuant to 28 U.S.C. § 1441.  This action is between citizens of different states and the amount in controversy exceeds $75,000.  (Opp'n to Pla.'s Mot. 14; NOR ¶ 24.)  Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.  (ECF No. 13.)

A.   Plaintiff is a Citizen of California

In Plaintiff's Motion, he claims that Sodexo has failed to establish that Plaintiff is a citizen and/or domicile of California.  (Mot. 11–12.)  In their Notice of Removal, Sodexo states, "Plaintiff alleges that he was, at the time of filing of the Complaint, and still is a resident of Los Angeles County in the state of California."  (NOR ¶ 7.)  Plaintiff however contends that this is insufficient to establish that he is a citizen of California, that he is domiciled in California, or that he intends to remain in California.  (Mot. 11–12.)

For diversity jurisdiction purposes, a natural person is a citizen of a state if he or she is a citizen of the United States and the state is her state of domicile.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her

permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*  The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes.  *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009).  So long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed.  *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991).

Plaintiff is, and was, domiciled in California because he did and does reside in California, and a preponderance of the evidence demonstrates that he intends and intended to remain in California.  Plaintiff set forth in his Complaint that he resided in California and worked in Agoura Hills, California, and "at all times relevant" was a resident of the County of Los Angeles.  (Compl. ¶ 1.)  During the application process and throughout his employment with Sodexo, Plaintiff provided Sodexo with documents indicating that he resided in Los Angeles, California since the beginning of his employment, and it remains as his last known address.  (Declaration of Donna White ("White Decl.") ¶ 8, ECF No. 7.)  Further, Plaintiff's residence and domicile in California are demonstrated by his continuous employment and residence in Los Angeles, California since at least 2003.  (Supp. White Decl. ¶¶ 4–6, ECF No. 16-3, Ex. A and Ex. B.) (referring to Plaintiff's resume, offer of employment, and his residential address on file with Defendant throughout his employment).  (*Id.* ¶ 6.) Lastly, Plaintiff's paystubs, wage statements, and his Federal tax form W2 issued at the conclusion of 2015 were all directed to his home address in Los Angeles California.  Taken together, Sodexo has shown that Plaintiff is a citizen of California. *See, e.g., State Farm Mutual Auto Ins. Co.,* 19 F.3d at 520 (10th Cir.1994) (residence in last known   domicile establishes citizenship in that state absent evidence of

citizenship in another state).

B.     Sodexo is a Citizen of Delaware and Maryland

A corporation is deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Sodexo is a Delaware corporation with its principal place of business in Maryland.  (NOR ¶¶ 9, 10.)

C.     Amount in Controversy

The parties do not dispute that the amount in controversy exceeds $75,000.

## V.     CONCLUSION

The foregoing factors clearly favor denying joinder, and Plaintiff's Motion for Leave to File a First Amended Complaint is hereby **DENIED**.  (ECF No. 13.)   In addition, because the Court finds that there is subject-matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, the Court **DENIES** Plaintiff's Motion to Remand.  (*Id.*)


**IT IS SO ORDERED.**


August 5, 2016


_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

10